UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON WILLIAMS, CDCR #AF-7666,<br><br>                    Plaintiff,<br><br>vs.<br><br>E. YANEZ; A. YOUNG; RALPH M. DIAZ; W.L. MONTGOMERY; C. SCOTT; A. AMAT,<br><br>                    Defendants. | Case No.: 3:20cv0738-CAB-MSB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING DEFENDANTS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

     Johnathon Williams ("Plaintiff"), currently incarcerated at Calipatria State Prison ("CAL") located in Calipatria, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1).

     Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

I.     **Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at CAL. *See* ECF No. 2 at 4-7; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has carried an average monthly balance of $173.46, and had $160.00 in average monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint—but he had only a $16.37 available balance on the books at the time of filing. (*See* ECF No. 2 at 4.) Based on this accounting, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $34.69 pursuant to 28 U.S.C. § 1915(b)(1).

However, because Plaintiff's available balance was insufficient to satisfy this initial fee at the time of filing, the Court will direct the Secretary of the CDCR, or his designee, to collect the initial $34.69 fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   <u>Plaintiff's Factual Allegations</u>

On February 18, 2019, Plaintiff and Defendant Yanez, a CAL correctional officer, were "having a conversation about [Yanez] being agitated" that Plaintiff was assigned the position of porter. (Compl. at 4.) Plaintiff claims Yanez believed this position should have been awarded to a "Spanish inmate." (*Id.*)

Plaintiff alleges Yanez told him that she was "dissatisf[ied]" with Plaintiff "writing up officers." (*Id.*) Plaintiff asked to speak with the Captain and asked Yanez for "her

badge number which [Yanez] refus[ed] to give [Plaintiff]." (*Id.*) Yanez purportedly told Plaintiff to "stop writing up officers" or "he will pay for it." (*Id.*) Plaintiff asked Yanez "is that a threat" to which Yanez allegedly responded, "you can take it how you want it." (*Id.*) Plaintiff told Yanez that he would be "speaking with [her] supervisor." (*Id.*)

Plaintiff returned to his cell and approximately two hours later Defendant Young "came to [Plaintiff's] cell and stated, "do you have a problem with [Yanez]." (*Id.*) Plaintiff responded that he did not "have a problem" with Yanez to which Young allegedly replied that he "hop[ed] not because if [Plaintiff did] then they can make [Plaintiff's] life in prison a living hell." (*Id.* at 5.) Plaintiff then "respectfully request[ed]" to speak with Young's supervisor. (*Id.*) However, he claims Young "refus[ed] to allow the Plaintiff to speak to his supervisor." (*Id.*)

On October 4, 2019, Plaintiff received notice, purportedly for the first time, that he was being "charged with possession of a controlled substance." (*Id.*) Plaintiff "fil[ed] a complaint" on October 10, 2019 indicating that this "incident never took place." (*Id.*) He also claimed that Yanez and Young wrote a "false report" and "plant[ed] evidence" to charge Plaintiff with possession of a controlled substance. (*Id.*)

On December 8, 2019, Plaintiff "notified the Appeal Coordinator" that Defendant Scott "fabricat[ed] a report" by claiming that Plaintiff was "present for the RVR/115 hearing that was heard by [Scott]." (*Id.*) Plaintiff claims he "never went to any hearing nor did he know about this charge." (*Id.*)

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages. (*See id.* at 7.)

C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks

and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Individual Causation

As an initial matter, Plaintiff's Complaint fails to contain any factual allegations against Defendants Diaz, Montgomery, or Amat whom he claims violated his constitutional rights and contains no "further factual enhancement" which describes how, or to what extent, these individuals became aware of, or were actually aware of, any alleged constitutional violation. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). There are no factual allegations linking Defendants Diaz, Montgomery, or Amat to any of his claims regarding alleged constitutional violations.

Thus, for these reasons, the Court finds that Plaintiff's claims against Diaz, Montgomery, and Amat must be dismissed for failing to state a claim upon which relief may be granted.

///
///
///

E. Due Process claims

Plaintiff alleges that he was charged with possession of a controlled substance, issued a Rules Violation Report ("RVR"), and a disciplinary hearing was conducted that he was not given notice of and did not attend. (*See* Compl. at 4-5.)

To the extent Plaintiff challenges the validity of the disciplinary proceedings which resulted from Defendants issuing an RVR on grounds that they violated his right to procedural due process, he fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's Complaint fails to allege facts which show that the disciplinary punishment he faced as a result of the RVR subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his disciplinary conviction. Nor does he allege the duration of his term of discipline, or the degree of restraint it imposed. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S.

at 486-87).

Plaintiff's pleading contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

F. <u>Eighth Amendment claims</u>

Plaintiff also alleges that Defendants violated his Eighth Amendment rights when they "punish[ed] [him] for an RVR." (Compl. at 6.)

Prison officials have a duty under the Eighth Amendment to avoid excessive risks to inmate safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment, Plaintiff must allege Defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." *Id.* Deliberate indifference is more than mere negligence, but less than purpose or knowledge. *See id.* at 836.

A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Plaintiff offers no facts from which the Court could find that any of the named Defendants acted with "deliberate indifference" to his health and safety. In addition, Plaintiff cannot recover monetary damages for a "mental or emotional injury" without a "prior showing of physical injury." 42 U.S.C. § 1997e(e).

Therefore, the Court dismisses Plaintiff's Eighth Amendment cruel and unusual punishment claims for failing to state a claim upon which relief could be granted.

/ / /

/ / /

G.  Retaliation claims

As to Plaintiff's retaliation allegations involving Yanez and Young, however, the Court finds his Complaint contains plausible claims sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

H.  Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his First Amendment retaliation claim against Defendants Yanez and Young only; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to proceed as to his retaliation claim against Yanez and Young, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint on Yanez and Young and dismiss the remaining claims and defendants.

**III.  Conclusion and Order**

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $34.69 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the

preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's claims against Defendants Diaz, Montgomery, Scott, and Amat *sua sponte* based on his failure to state a claim against them pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the retaliation claims against Yanez and Young only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. The Clerk of Court is directed to mail a court approved civil rights complaint form for Plaintiff's use in amending

**IT IS SO ORDERED**.

Dated: May 11, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge