UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON WILLIAMS, CDCR #AF-7666,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>E. YANEZ; A. YOUNG; RALPH M. DIAZ; W.L. MONTGOMERY; C. SCOTT; A. AMAT,<br><br>　　　　　　　　　　　Defendants. | Case No.:  3:20-CV-0738-CAB-MSB<br><br>**ORDER:**<br><br>**1) DISMISSING CLAIMS AND DEFENDANTS DIAZ, MONTGOMERY, SCOTT, AND AMAT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS YANEZ AND YOUNG PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

**I.    Procedural History**

On April 16, 2020, Johnathon Williams ("Plaintiff"), proceeding *pro se* and currently housed at Calipatria State Prison ("CAL") located in Calipatria, California, filed

1  a Complaint pursuant to 42 U.S.C. § 1983 ("Compl." ECF No. 1), together with a Motion
2  to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2).

3      On May 11, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP and
4  DISMISSED Defendants Diaz, Montgomery, Scott, and Amat *sua sponte* for failing to
5  state a claim. (ECF No. 4 at 10.)  The Court also DISMISSED Plaintiff's Fourteenth
6  Amendment due process claim, along with his Eighth Amendment claim but found that he
7  adequately stated a First Amendment retaliation claim as to Defendants Yanez and Young.
8  (*Id.* at 7-9.)

9      Plaintiff was given the option to either: (1) notify the Court of the intent to proceed
10  with his First Amendment retaliation claim against Defendants Yanez and Young only; or
11  (2) file an amended pleading correcting all the deficiencies of pleading identified by the
12  Court in the May 11, 2020 Order. (*Id.* at 9.)  Plaintiff was informed that if he chose to
13  proceed with his retaliation claims only, the Court would issue an Order directing the U.S.
14  Marshal to effect service of his Complaint on Yanez and Young and dismiss the remaining
15  claims and defendants. (*Id.*)

16      On May 22, 2020, the Plaintiff notified the Court that he "would like to move
17  forward with the retaliation complaint and not move on the amended complaint [as] to the
18  rest of the defendants." (ECF No. 5.) Therefore, the Court will order the USMS to effect
19  service of Plaintiff's Complaint on Defendants Yanez and Young only. *See* 28 U.S.C.
20  § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties
21  in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by
22  a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in
23  forma pauperis under 28 U.S.C. § 1915.").
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

## II.     Conclusion and Orders

For the reasons discussed, the Court:

1) **DISMISSES** all claims Diaz, Montgomery, Scott, and Amat for the reasons set forth in the Court's May 11, 2020 Order.

2) **DISMISSES** Plaintiff's Eighth and Fourteenth Amendment claims for the reasons set forth in the Court's May 11, 2020 Order.

3) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Yanez and Young. In addition, the Clerk will provide Plaintiff with a certified copy of the May 11, 2020 Order granting Plaintiff IFP status, a certified copy of his Complaint, and the summons so that he may serve Defendants Yanez and Young.  Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, see S.D. CAL. CIVLR 4.1.c, and return them to the USMS according to the instructions the Clerk provides in the letter accompanying his IFP package;

4) **ORDERS** the USMS to serve a copy of the Complaint and summons upon Defendants Yanez and Young as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3); and

5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or Defendants' counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2.

/ / /

/ / /

Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendant, may be disregarded.

**IT IS SO ORDERED**.

Dated: May 29, 2020

Hon. Cathy Ann Bencivengo
United States District Judge