UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON WILLIAMS,<br><br>  　　　　　Plaintiff,<br><br>v.<br><br>E. YANEZ; and A. YOUNG,<br><br>  　　　　　Defendants. | Case No.: 20CV738-CAB(DEB)<br><br>**ORDER DENYING MOTION REQUESTING APPOINTMENT OF COUNSEL [Dkt. No. 11.]** |

　　　Plaintiff Johnathon Williams, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to Title 42, United States Code, Section 1983, alleging Defendants E. Yanez and A. Young "plant[ed] evidence" to charge Plaintiff with possession of a controlled substance and wrote a "false report," in retaliation for Plaintiff "writing up officers." Dkt. No. 1.  Plaintiff has filed a Motion Requesting Appointment of Counsel, which is pending before the Court.  Dkt. No. 11.  For the reasons outlined more fully below, the Court DENIES Plaintiff's Motion Requesting Appointment of Counsel.

　　　Plaintiff requests counsel be appointed on his behalf for several reasons. Dkt. No. 11, p. 2.  He is unable to afford counsel and has not been able to locate an attorney who will accept his case on a pro bono basis.  He has limited knowledge of the law and believes the issues in this case are complex and will require significant research and

investigation. His imprisonment greatly limits his ability to litigate the case and due to the Covid-19 pandemic, he is not currently permitted to go to the prison law library. Lastly, trial is likely to involve conflicting testimony, so an attorney would "better enable plaintiff to present evidence and cross examine witnesses." *Id*.

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298-309 (1989). In certain "exceptional circumstances," however, the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

There is currently no basis to support a finding of exceptional circumstances in this case. First, the record is not sufficiently developed, so the Court cannot determine the likelihood of success on the merits.

Second, there is no reason to conclude Plaintiff lacks the ability to articulate and prosecute his claims *pro se*. He has demonstrated a knowledge of the essential facts supporting his claim, which appear relatively straightforward and uncomplicated. Plaintiff's claims against Defendants Yanez and Young survived the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Dkt. No. 4. When the Court identified deficiencies with Plaintiff's claims against other named defendants and presented Plaintiff with the option of either proceeding with the retaliation claims against Yanez and Young only, or filing an Amended Complaint curing the identified deficiencies, Plaintiff seemingly understood his options and filed an appropriate response, informing the Court

he intended to proceed only on the claims against Yanez and Young. [Dkt. No. 5.] Plaintiff, therefore, has clearly shown an ability to effectively articulate his claims and communicate with the Court in this action.

Third, a *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, the Court will take Plaintiff's *pro se* status into consideration by the Court when his filings are reviewed.

Based on the foregoing, the Court finds Plaintiff has not shown there are "exceptional circumstances" for the appointment of counsel in the case. Plaintiff's Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

Dated: July 10, 2020

_____
Honorable Daniel E. Butcher
United States Magistrate Judge