UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON WILLIAMS,<br><br>                              Plaintiff,<br><br>v.<br><br>YANEZ, YOUNG,<br><br>                              Defendant. | Case No.:  20cv738-CAB-DEB<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS [Doc. No. 16]** |

On September 15, 2020, Defendants E. Yanez and A. Young filed a motion to dismiss the complaint. [Doc. No. 16.] More than four months have passed, and Plaintiff Johnathon Williams has not filed an opposition.

Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).  That plaintiff is proceeding pro se in this action does not excuse his failure to follow the rules of procedure that govern other litigants.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

    Here, Defendants attached a proof of service to their motion, signaling that Plaintiff was served at the address provided on the face of his complaint.  [Doc. No. 16 at 10.]  Moreover, Plaintiff was provided adequate time to prepare a response.  On September 17, 2020, the Court issued a minute order that gave a briefing schedule for the motion and informed Plaintiff that his opposition was due on October 23, 2020.  [Doc. No. 18.]  On September 30, 2020, Plaintiff filed a motion for a 60-day extension of time to file an opposition [Doc. No. 19], which request was granted [Doc. No. 20].  Plaintiff was given until December 23, 2020 to file an opposition.  *Id.*  It is now more than one month since the extended due date and Plaintiff still has not filed an opposition.  Thus, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of granting the motion to dismiss.  *See Ghazali*, 46 F.3d at 53.  Accordingly, the majority of the *Ghazali* factors weigh in favor of dismissal.

    In light of the foregoing, it is hereby **ORDERED** that Defendants' motion to dismiss [Doc. No. 16] is **GRANTED**.  It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated:  January 25, 2021

                                  Hon. Cathy Ann Bencivengo
                                  United States District Judge